UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICHARD GOODSTEIN, D.O.,

        Plaintiff,

v.                                                                    Case No. 1:09-CV-822

REGIONAL MEDICAL SERVICES,                         HON. GORDON J. QUIST
and ALBEMARLE HOSPITAL,

        Defendants.
_____/

## OPINION

### Introduction

Plaintiff, Dr. Richard Goodstein ("Goodstein"), a Michigan citizen, has sued Regional

Medical Services and Albemarle Hospital ("Defendants"), which are non-profit corporations

incorporated in North Carolina. Goodstein invoked the Court's diversity jurisdiction and seeks to

allege five state law claims: breach of contract (Count I), fraud and misrepresentation (Count II),

rescission of the contract (Count III), tortious interference with business relationships and

expectancies (Count IV), and civil conspiracy (Count V). These claims arise from Goodstein's

employment by Defendants in Elizabeth City, North Carolina. Defendants have moved to dismiss

the complaint pursuant to Fed. R. Civ. P. 12(b)(2), (3), and (6) for lack of personal jurisdiction,

improper venue, *forum non conveniens*, and failure to state a claim. The court has determined that

the issue in the case is clear and oral argument would not be helpful. The court will grant the motion

for lack of personal jurisdiction.

**Facts and Procedural History**

In the fall of 2007, Scott Helt ("Helt"), a vice president at Defendant Albemarle Hospital, contacted a recruiter for help filling a pulmonary critical care position. The recruiter identified Goodstein as a potential candidate, and Helt subsequently called Goodstein in Michigan to determine Goodstein's level of interest. On November 16, 2007, Goodstein and his wife flew to North Carolina to meet with Helt and other staff members at Albemarle Hospital and Regional Medical Services. During this trip, Goodstein and Defendants discussed the terms of a potential offer, but an offer was not made at that time. On November 19, 2007, after Goodstein returned to Michigan, Helt sent Goodstein an offer letter. Goodstein accepted the offer, and the parties entered into a Physician Recruitment Agreement on December 10, 2007. This agreement was prepared by Defendants in North Carolina, mailed to Goodstein in Michigan, signed by Goodstein in Michigan, then mailed back to Defendants.

In spring 2008, Goodstein and his family moved to North Carolina. Unfortunately, the position did not work out. On May 7, 2009, after signing a Settlement Agreement in North Carolina, Goodstein resigned his position and moved back to Michigan. Goodstein filed suit against Defendants on September 4, 2009. Defendants have moved to dismiss the complaint for lack of personal jurisdiction, improper venue, *forum non conveniens*, and failure to state a claim.

**Personal Jurisdiction**

In support of their motion for lack of personal jurisdiction, Helt submitted an affidavit in which he states that Defendants do not conduct any business, own any property, or provide any good or service in Michigan. (Def.'s Br. Supp. Mot. to Dismiss Ex. 2, docket no. 9, Helt Aff. ¶ 4.) Helt further stated that Goodstein traveled to North Carolina to negotiate the terms of the offer and that

Goodstein mailed the Physician Recruitment Agreement back to Helt in North Carolina after signing the agreement in Michigan. (*Id.* at ¶¶ 9-10.)

"The burden of establishing jurisdiction over the persons of the defendants rests with the plaintiff." *Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997) (citation omitted). Plaintiff may not rest on the pleadings but must set forth specific facts showing that this Court has jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). A court must construe pleadings and affidavits in the light most favorable to the party asserting personal jurisdiction. *See Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). Where a motion to dismiss for lack of personal jurisdiction is decided without an evidentiary hearing, the plaintiff need only make out a prima facie showing of personal jurisdiction. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998) (citation omitted).

A court may exercise personal jurisdiction over a defendant only if the jurisdiction comports with both the state's long-arm statute and constitutional due process. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 361 (6th Cir. 2008). Personal jurisdiction may be based upon general jurisdiction or upon limited jurisdiction. "Limited jurisdiction extends only to claims arising from the defendant's activities that were either within Michigan or had an in-state effect," whereas "[g]eneral jurisdiction . . . enables a court in Michigan to exercise jurisdiction over a [defendant] regardless of whether the claim at issue is related to its activities in the state or has an in-state effect." *Neogen Corp.*, 282 F.3d at 888 (citation omitted). Here, the Court's assertion of personal jurisdiction, both general and limited, over Defendants would be inconsistent with Michigan's jurisdictional statutes as well as constitutional due process.

### A. General Personal Jurisdiction

Michigan courts have general jurisdiction over corporations when the corporation is incorporated in Michigan, consents to personal jurisdiction, or carries on "a continuous and systematic part of its general business within the state." M.C.L. § 600.711. Defendants are not subject to general jurisdiction because Goodstein has failed to show that any of these circumstances exists. While Goodstein cites a promissory note for the proposition that Defendants consented to jurisdiction "in any court of record in any state," a review of the note shows that this argument is meritless. The promissory note was signed by Goodstein, not Defendants, and the quoted language authorizes Defendants to commence collection proceedings "in any court of record in any state" should Goodstein default on his repayment obligations. (Pl.'s Compl. Ex. 4, docket no. 1, at 5.) Therefore, Defendants are subject to jurisdiction only if their conduct comes within Michigan's limited jurisdiction statute.

### B. Limited Personal Jurisdiction

Michigan's long-arm statute grants limited jurisdiction over corporations when the corporation: (1) transacts any business in Michigan; (2) does or causes any act or consequence to occur that results in an action for tort; (3) owns, uses, or possesses any real or tangible property in Michigan; (4) contracts to insure any person, property, or risk located in Michigan at the time of contracting; or (5) enters into a contract for the defendant to perform services or furnish materials in Michigan. M.C.L. § 600.715. Michigan's long-arm statute extends jurisdiction to the limits imposed by the due process clause of the federal constitution. *See Walker Motorsport v. Henry Motorsport*, No. 95-2250, 1997 WL 148801, at *2 (6th Cir. 1997) (citing *Sifers v. Horen*, 385 Mich. 195, 199, 188 N.W.2d 623, 623-24 (1971)). Thus, the two questions merge so that the only

determination is whether assertion of personal jurisdiction violates the due process clause. *See Third Nat'l Bank v. Wedge Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989).

To satisfy the requirements of federal due process, a defendant not present within the forum state must have "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945). In deciding whether the exercise of personal jurisdiction comports with due process, the Sixth Circuit applies the following three-part test: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state; (2) the cause of action must arise from the defendant's activities in the forum state; and (3) the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *See Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007) (citation omitted).

### 1. Purposeful Availment

Plaintiffs must first show that Defendants purposefully availed themselves of the privilege of acting or causing a consequence in Michigan. This requirement "'is something akin to a deliberate undertaking to do or cause an act or thing to be done in Michigan or conduct which can be properly regarded as a prime generating cause of the effects resulting in Michigan, something more than a passive availment of Michigan opportunities.'" *Neogen Corp.*, 282 F.3d at 891 (citation omitted). "The 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State,' and when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipate being haled into court there.'" *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (citation omitted; emphasis in original).

Goodstein does not make a coherent argument on the purposeful availment requirement. Goodstein does, however, point to three facts: (1) Defendants called him in Michigan to inquire about his interest in the position; (2) the offer letter was sent to his Michigan address; and (3) Goodstein signed the Physician Recruitment Agreement in Michigan before it mailing back to Defendants. (Pl.'s Resp. Br., docket no. 13, at 9-10.) These contacts are not sufficient to establish a substantial connection between Defendants and Michigan such that Defendants should have reasonably anticipated being haled into court here. *See Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 982-83 (6th Cir. 1992) (holding that defendants did not purposefully avail themselves of the privileges of the forum state by: (i) calling the prospective employee in the forum state; (ii) conducting extensive contract negotiations in the forum state; (iii) mailing materials, including a pre-paid airline ticket, to the future employee's forum state address; and (iv) mailing an employment contract offer letter to the plaintiff in the forum state). Goodstein has thus failed to satisfy the purposeful availment requirement.

### 2.      Forum-Related Activities

Second, Goodstein must show that his claims arise out of Defendants' activities in Michigan. Because Goodstein failed to demonstrate a sufficient level of activity by Defendants in Michigan to establish "minimum contacts" with Michigan, Goodstein also fails to satisfy the second prong of the personal jurisdiction test.

### 3.      Fairness

Goodstein does not present an argument on fairness. The Court notes that the fairness element favors Defendants in North Carolina. The record reflects that: (i) the contract negotiations occurred during Goodstein's November 16, 2007, visit to Albemarle Hospital; (ii) Goodstein performed the contract in North Carolina for over a year; and (iii) Goodstein resigned his position

and signed the promissory note and settlement agreement in North Carolina.  Thus, the Court finds it would be unfair to subject Defendants to jurisdiction in Michigan.

## Conclusion

Goodstein failed to establish personal jurisdiction over Defendants.  Accordingly, the Court will dismiss this case for lack of personal jurisdiction under Rule 12(b)(2).

An Order consistent with this Opinion will be entered.


Dated:  May 10, 2010                                          /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE